IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGIL DENNARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:22-cv-659-RAH-CWB |
| | )                 (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Virgil Dennard has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Upon consideration thereof, the court concludes that the motion should be denied without prejudice for lack of jurisdiction.

Dennard submitted a *pro se* notice of appeal in the United States Court of Appeals for the Eleventh Circuit on August 9, 2022. (Case No. 2:21cr336-RAH-CWB, Doc. 54). Dennard's appeal, docketed as 22-12660-A, has at all relevant times remained pending. As long as the appeal is pending, this court will lack jurisdiction to consider a motion under 28 U.S.C. § 2255. *See, e.g., United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990).[1] The current motion thus should be denied without prejudice. <u>Dennard shall be free to re-file a § 2255 motion in this court following conclusion of his direct appeal</u>.

---

[1] In *Khoury*, the defendant filed a § 2255 motion after filing a notice of appeal. 901 F.2d at 976. The district court denied the motion on the basis that jurisdiction had vested in the court of appeals. *Id*. The Eleventh Circuit affirmed, noting that "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Id*. (citing *Jones v. United* States, 453 F.2d 351, 352 (5th Cir. 1972)). Dennard has not presented any extraordinary circumstances in this case to warrant deviating from that general rule.

1

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Dennard's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is hereby ORDERED that any objections to this Recommendation be filed no later than December 6, 2022. An objecting party must identify in writing the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 22nd day of November 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**